IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CAREY DON SMITH,<br><br>　　Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE CO., JEFF DONAWAY, and RANDY MILLER,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 2:15-CV-00325-J |

## MEMORANDUM OPINION & ORDER

Before the Court is *Defendants' Motion to Dismiss Plaintiff's Complaint* filed on November 16, 2015. Plaintiff did not file a response. Defendants' Motion is GRANTED.

Plaintiff, a former employee of Allstate, filed this lawsuit in Potter County District Court on October 2, 2015. In its Original Petition, Plaintiff alleged causes of action for breach of contract, violation of the Texas Labor Code, breach of fiduciary duties, accounting, antitrust violations, tortious interference with contractual rights, and conversion. Allstate Insurance Company, Randy Miller, and Jeff Donaway (Defendants) removed the case to this Court on November 9, 2015. Thereafter, on November 16, 2015, Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) arguing, among other things, that all claims are barred by applicable Texas statutes of limitations. Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Nevertheless, "a statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiffs pleadings that the

action is barred and the pleadings fail to raise some basis for tolling . . . ." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

For each cause of action Plaintiff asserts, Texas applies no more than a four year statute of limitations. The following causes of action have a four year statute of limitations: breach of contract, breach of fiduciary duty, accounting, and antitrust violations. Tex. Bus. & Com. Code Ann. § 15.25(a) (2015), Tex. Civ. Prac. & Rem. Code Ann. §§ 16.004, .051 (2015); *see Little v. Smith,* 943 S.W.2d 414 (Tex. 1997) (applying a four year statute of limitations to a claim for accounting), *Pollard v. Hanschen*, 315 S.W.3d 636, 641 (Tex. App.—Dallas 2010, no pet.) (holding a four year statute of limitations applied to breach of fiduciary duty claims), *Stine v. Stewart,* 80 S.W.3d 586, 592 (Tex. 2002) (applying the residual four year statute of limitations for a breach of contract claim). The remaining causes of action, Texas Labor Code violations, tortious interference, and conversion, are subject to a two year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (2015), Tex. Lab. Code Ann. § 21.256 (2015), *Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 776 (Tex. App.—Dallas 2005, pet. denied) ("The two-year statute of limitations also applies to claims for tortious interference with a contract.").

Based on the factual allegations in Plaintiff's Original Petition, all causes of action accrued between 1999 and 2000. The statute of limitations for breach of contract, breach of fiduciary duty, accounting, and antitrust violations expired, at the very latest, in 2004. Similarly, the statute of limitations for tortious interference, conversion, and Texas Labor Code violations expired, at the very latest, in 2002. Plaintiff did not file this lawsuit until October 2, 2015. Furthermore, Plaintiff's Original Petition fails to raise some basis for tolling. Thus, Plaintiff's claims are barred.

The Court concludes that Plaintiff's claims are barred by applicable statutes of limitations. Defendants assert several additional reasons that Plaintiff's claims must be dismissed. However, the Court need not address these arguments. Defendants' Motion to Dismiss is GRANTED. All claims in controversy are DISMISSED WITH PREJUDICE.

It is SO ORDERED.

Signed this the 12th day of January, 2016.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE